JUDGE STANTON

11 CV 1744

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

VIRGINIA ESCAMILLA & MARIO ESPINOZA,
individually and on behalf of all other persons similarly
situated who were employed by COPPER DOOR TAVERN,
COPPERSMITHS BAR & GRILL, JOHN BRADLEY,
EDWARD BRITT, and/or any other entities affiliated with or
controlled by COPPER DOOR TAVERN, COPPERSMITHS
BAR & GRILL, JOHN BRADLEY and/or EDWARD BRITT,



Docket No. :

RECEIVED
MAR 14 2011
U.S.D.C. S.D. N.Y.
COMPLETED

Plaintiffs,

**CLASS ACTION
COMPLAINT**

- against -

COPPER DOOR TAVERN d/b/a COPPERSMITHS BAR & GRILL,
JOHN BRADLEY, EDWARD BRITT, and/or any other entities
affiliated with or controlled by COPPER DOOR TAVERN,
COPPERSMITHS BAR & GRILL, JOHN BRADLEY and/or
EDWARD BRITT,

**Non Jury
Trial**

Defendants.

------------------------------------------------------------------------x

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP and Leeds, Morelli &

Brown, P.C., allege upon knowledge to themselves and upon information and belief as to

all other matters as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought pursuant to the Fair Labor Standards Act

(hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b); New York Labor

Law §§ 650 *et seq* and 663; New York Labor Law § 190 et seq.; 12 New York Codes,

Rules and Regulations (hereinafter referred to as "NYCRR") § 137-1.2; 12 NYCRR §

137-1.3, and 12 NYCRR § 137-1.7; to recover unpaid minimum wages, overtime wages,

and spread of hours compensation owed to Plaintiffs and all similarly situated persons

who are presently or were formerly employed by COPPER DOOR TAVERN d/b/a

COPPPERSMITHS BAR & GRILL, JOHN BRADLEY, EDWARD BRITT, and/or any

other   entities   affiliated   with   or   controlled   by   COPPER   DOOR   TAVERN,

1

COPPERSMITHS BAR & GRILL, JOHN BRADLEY and/or EDWARD BRITT, (hereinafter referred to as "Defendants").

2.    Defendants are engaged in the food service and liquor industry, and operate two restaurants in New York.

3.    Beginning in 2002 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages as required by applicable federal and state law.

4.    Beginning in 2002 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state law.

5.    Beginning in 2002 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of ten (10) hours per day, without providing spread of hours compensation as required by the applicable state law.

6.    Under the direction of COPPER DOOR TAVERN d/b/a COPPERSMITHS BAR & GRILL'S corporate officer and/or director JOHN BRADLEY and/or EDWARD BRITT, Defendants instituted the practice of depriving its employees of minimum wages, overtime compensation, and spread of hours compensation as mandated by federal and state law.

7.    Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including overtime compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

8.    Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

9.    The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

2

10.    The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

11.    Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

12.    Plaintiff MARIO ESPINOZA is an individual who is currently a resident of New York and was employed by Defendants as a dishwasher, food runner, bartender, and delivery man, from about 1999 until February of 2011.

13.    Plaintiff VIRGINIA ESCAMILLA is an individual who is currently a resident of New York and was employed by Defendants as a cook and food preparer from 1999 until February of 2011.

14.    Upon information and belief, Defendant COPPER DOOR TAVERN, is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with a principal place of business at 272 Third Avenue, New York, New York 10010.

15.    Upon information and belief, Defendants operate multiple restaurants and/or bars in New York City, including, but not limited to, COPPERSMITHS BAR & GRILL, located at 793 Ninth Avenue, New York, New York 10019.

16.    Upon information and belief, Defendant JOHN BRADLEY is a resident of the State of New York at 272 Third Avenue, New York, New York 10010, and at all relevant times was an officer, director, and/or owner of COPPER DOOR TAVERN.

17.    Upon information and belief, Defendant EDWARD BRITT is a resident of the State of New York at 272 Third Avenue, New York, New York 10010, and at all relevant times was an officer, director, and/or owner of COPPER DOOR TAVERN.

18.    Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

3

## CLASS ALLEGATIONS

19.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 18 hereof.

20.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

21.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as servers, cashiers, hosts, cooks, food preparers, bus persons, dishwashers, runners and other employees performing similar restaurant related tasks.

22.     Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to provide the statutory minimum hourly wage for all hours worked pursuant to 29 U.S.C. § 206 and (2) failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known or knowable without Defendants' records or discovery.

24.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendants failed to pay the statutory minimum wage; (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; (3) whether Defendants kept adequate and proper records; and (4) whether the Defendants failed to pay spread of hours compensation, at one additional hours pay at the regular rate, for all days during which Plaintiffs worked more than ten (10) hours.

25.     The claims of the named Plaintiffs are typical of the claims of the putative class members. The Plaintiffs and putative class members were all subject to Defendants'

4

policies and willful practice of refusing to pay employees the statutory minimum wage, overtime wages, and "spread of hours" payments. The Plaintiffs and the putative class members have thus sustained similar injuries as a result of the Defendants' actions.

26.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

28.     Beginning in or about 2002 until the present, Defendants employed the Plaintiffs and other members of the putative class to perform work as servers, cashiers, hosts, cooks, food preparers, bus persons, dishwashers and other employees performing similar restaurant related tasks.

29.     Upon information and belief, during the period from 2002 through the present, more than 40 similarly situated persons worked for the Defendant in a similar capacity and thus fall into the putative class.

30.     Plaintiffs and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

31.     The payments made to Plaintiffs and other members of the putative class by Defendants, and gratuities received by Plaintiffs and other members of the putative class, constitute "wages" as that term is defined under New York Labor Law § 651.

32.     While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving proper minimum wages, overtime compensation, and spread of hours compensation as required by applicable federal and state law.

5

33.   Plaintiff Escamilla worked for Defendants at Coppersmiths Bar & Grill from 1999 to 2004, and Copper Door Tavern from 2004 to February of 2011 as a cook and food preparer.   Plaintiff Escamilla typically worked 7 days per week, averaging approximately 75 to 78 hours per week. Plaintiff Escamilla typically worked from 2 p.m. to 11 p.m. on three days, 5 p.m. to 12 a.m. on two days, 10 a.m. to 12 a.m. on Saturdays and 11 a.m. to 10 p.m. on Sundays, without any time for breaks.  Plaintiff Escamilla was paid, in cash, starting at $8 per hour in 2002, ultimately increasing to $15 per hour over the course of her employment.  Plaintiff Escamilla was paid this same hourly wage for every hour that she worked.

34.   Plaintiff Espinoza worked for Defendants at Copper Door Tavern from 1999 to February of 2011 as a dishwasher, foodrunner, bartender, and delivery man. From 2005 to 2009, Plaintiff Espinoza worked 7 days per week, totaling approximately 83 hours per week.  Plaintiff Espinoza typically worked from 5 p.m. to 7 a.m. on four days, 2 p.m. to 11 p.m. one day, 12 p.m. to 10 p.m. one day, and 9 a.m. to 5 p.m. one day, without any time for breaks.  From 2009 to February 2011, Plaintiff Espinoza typically worked 5 days per week, totaling approximately 64 hours per week.  Plaintiff Espinoza worked from 5 p.m. to 7 a.m. on four days, and 9 a.m. to 5 p.m. one day, without any time for breaks.  Plaintiff Espinoza was paid $80 per day, plus tips, in cash.

35.   Upon information and belief, JOHN BRADLEY and/or EDWARD BRITT was the president and/or owner of COPPER DOOR TAVERN, and (1) had the power to hire and fire employees for that entity, (2) supervised and controlled employee work schedules or conditions of employment for that entity, (3) determined the rate and method of payment for employees at that entity, and (4) maintained employment records for that entity.

36.   Upon information and belief, JOHN BRADLEY and/or EDWARD BRITT was the principal and owner of COPPER DOOR TAVERN, dominated the day-to-day operating decisions of that entity, and made major personnel decisions for that entity.

37.   Upon information and belief, JOHN BRADLEY and/or EDWARD BRITT had complete control of the alleged activities of COPPER DOOR TAVERN, which give rise to the claims brought herein.

6

## FIRST CAUSE OF ACTION:
## FLSA MINIMUM WAGE COMPENSATION

38.     Plaintiffs repeat and re-allege the allegations set forth in paragraph 1 through 37 hereof.

39.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

40.     COPPER DOOR TAVERN is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

41.     John Bradly and Edward Britt are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

42.     Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

43.     Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

44.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs or other similarly situated employees.

45.     Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action minimum wages for all hours worked in any given week.

46.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully-owed wages was willful.

7

47.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

### SECOND CAUSE OF ACTION:
### FLSA OVERTIME WAGE COMPENSATION

48.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 47 hereof.

49.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

50.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action earned overtime wages, at the rate of one and one half times the regular rate of pay, for all time in which they worked in excess of forty (40) hours in any given week.

51.     Upon information and belief, the failure of the Defendants to pay Plaintiffs and other members of the putative collective action their rightfully-owed overtime compensation was willful.

52.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK MINIMUM WAGE COMPENSATION

53.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 52 hereof.

8

54.     Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . . $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

55.     COPPER DOOR TAVERN, is an employer, within the meaning contemplated, pursuant to New York Labor Law § 651(6) and the supporting New York State Department of Labor Regulations.

56.     Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law § 651(5) and the supporting New York State Department of Labor Regulations.

57.     Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2 by failing to pay Plaintiffs and other members of the putative class action minimum wage for all hours worked in any given week.

58.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative class action their rightfully-owed wages was willful.

59.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

60.     By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2, and are liable to Plaintiffs and other members of the putative class action in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION:
### NEW YORK OVERTIME WAGE COMPENSATION

61.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 60 hereof.

62.     Title 12 NYCRR §137-1.3 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 11/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

63.     Upon information and belief, Plaintiffs and other members of the putative class action regularly worked more than forty (40) hours a week while working for Defendants.

64.     Upon information and belief, Plaintiffs and other members of the putative class action did not receive overtime compensation for all hours worked in excess of forty (40) hours in any given week.

65.     Consequently, by failing to pay to Plaintiffs and other members of the putative class action overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 137-1.3.

66.     Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs and members of the putative class action was willful.

67.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 137-1.3 and are liable to Plaintiffs and members of the putative class action in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION:
## NEW YORK FAILURE TO PAY WAGES

68.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 67 hereof.

69.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class action, are protected for wage underpayments and improper employment practices.

70.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

71.     As persons employed for hire by Defendants, Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

72.     Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

73.     As an entity that hired the Plaintiffs and other members of the putative class, COPPER DOOR TAVERN is an "employer."

74.     Pursuant to New York Labor Law § 190 and the cases interpreting same, JOHN BRADLEY and/or EDWARD BRITT are "employer[s]."

75.     The Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

76.     Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

77.     In failing to pay the Plaintiffs and other members of the putative class action proper wages and overtimes payments for time worked after forty (40) hours in one week, Defendants violated New York Labor Law § 191.

78.     Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

79.     By withholding wages and overtime payments for time worked over forty (40) hours in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

80.     Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class wages and overtime payments for time worked in excess of forty (40) hours in any given week was willful.

81.     By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

11

## SIXTH CAUSE OF ACTION:
## NEW YORK SPREAD OF HOURS

82.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 81 hereof.

83.     12 NYCRR § 137-1.7 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

84.     Plaintiffs and other members of the putative class regularly worked more than ten (10) hours in a day.

85.     Defendants did not pay Plaintiffs and other members of the putative class an additional hour's pay when they worked more than ten (10) hours in a day.

86.     Consequently, by failing to pay to Plaintiffs an additional hour's pay when Plaintiffs worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 137-1.7.

87.     By the foregoing reasons, Defendants have violated 12 NYCRR § 137-1.7 and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1)     on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)     on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)     on their third cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4)     on their fourth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(5)     on their fifth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs, pursuant to the cited New York Labor Law provisions; and

(6)     on their sixth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs; and

(7)     such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      March 14, 2011

VIRGINIA & AMBINDER, LLP

By:     _____

Lloyd R. Ambinder
Suzanne B. Leeds
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
lambinder@vandallp.com
Tel:    (212) 943-9080
Fax:    (212) 943-9082


And

LEEDS, MORELLI & BROWN, P.C.
Jeffrey K. Brown
1 Old Country Road
Carle Place NY 11514
(516)873-9550

*Attorneys for Plaintiffs and the putative class*

13